Lawrence A. Sucharow (LS-1726)
Eric J. Belfi (EB-8895)
Mark S. Arisohn (MA-2364)
Anthony J. Harwood (AH-1006)
Javier Bleichmar (JB-1104)
Jesse Strauss (JS-0212)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Plaintiffs Pensions Mgmt. (SWF) Ltd.; Scottish Widows PLC; Scottish Widows Unit Funds Ltd.; Lloyds TSB Group Pension Scheme No. 1; Lloyds TSB Group Pension Scheme No. 2; Lloyds TSB Asset Finance Div. Pension Scheme; Lloyds TSB Offshore Funds Ltd.; and Abbey Life Assurance Co. Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

PENSIONS MANAGEMENT (SWF) LIMITED;
SCOTTISH WIDOWS PLC; SCOTTISH WIDOWS
UNIT FUNDS LIMITED; LLOYDS TSB GROUP
PENSION SCHEME NO. 1; LLOYDS TSB GROUP
PENSION SCHEME NO. 2; LLOYDS TSB ASSET
FINANCE DIVISION PENSION SCHEME; LLOYDS
TSB OFFSHORE FUNDS LIMITED; and ABBEY LIFE
ASSURANCE COMPANY LIMITED,

                Plaintiffs,

    - v. -

VIVENDI, S.A., JEAN-MARIE MESSIER
and GUILLAUME HANNEZO,

                Defendants.

---------------------------------------------------------------x

No. 08 Civ. 02214

**WAIVER OF SERVICE OF SUMMONS**

To:    Lawrence A. Sucharow, Esq.
        LABATON SUCHAROW LLP
        140 Broadway
        New York, New York 10005
        Telephone: (212) 907-0700
        Facsimile: (212) 818-0477

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from March 5, 2008, the date when this request was sent (or 90 days if it was sent outside the United States), subject to Judge Richard J. Holwell's January 7, 2008 scheduling order in *In re Vivendi Universal S.A. Securities Litigation*, 02 Civ. 5571. If I fail to do so, a default judgment will be entered against me or the entity I represent, subject to the Court's January 7, 2008 Scheduling Order.

Dated: March 5, 2008

VIVENDI, S.A.
By: Cravath Swaine & Moore LLP
On behalf of and as counsel for
Defendant Vivendi, S.A.

*/s/ Michael T. Reynolds/*

Paul C. Saunders, Esq.
Michael T. Reynolds, Esq.
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
psaunder@cravath.com
mreynolds@cravath.com
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF PROCESS

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.